IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JASON E. WHITNEY<br><br>        Plaintiff,<br><br>   v.<br><br>BLOOMIN BRANDS, INC., et al.,<br><br>        Defendants. | Civil No. 20-12407 (RMB/KMW)<br><br>**OPINION** |

**APPEARANCES:**

JASON E. WHITNEY
3730 S. FORT APACHE ROAD, SUITE 300
LAS VEGAS, NEVADA 89147

   *Pro se*

CHRISTOPHER J. DALTON
BUCHANAN, INGERSOLL & ROONEY, PC
550 BROAD STREET, SUITE 810
NEWARK, NEW JERSEY 07102

   *On behalf of Defendants*

**RENÉE MARIE BUMB, United States District Judge**

This matter comes before the Court on the Motion for Summary Judgment [Docket No. 4] and Motion for Pretrial Conference [Docket No. 8] brought by pro se Plaintiff Jason E. Whitney, and the Motion to Dismiss [Docket No. 5] brought by Defendants Bloomin Brands, Inc., Bonefish Grill, Jeff Carcara, David Deno, and Domenick Rago. For the reasons expressed below, the Court will grant Defendants' Motion and deny Plaintiff's Motions.

As best the Court can tell from Plaintiff's Complaint, this suit appears to stem from the termination of Plaintiff's employment with Defendants. The Complaint alleges that "[i]ntimidation and physical violence was used to enforce compliance to violate NRA established regulations and/or protocol resulting in assault and violation to CEPA, and wrongful termination, which violated Americans with Disabilities Act, LAD, WCR, and failure to answer, OSHA General Duty Clause." [Docket No. 1, at 3.] It is unclear what precise claims Plaintiff seeks to allege in his Complaint. However, that is of no mind at this point in time because the basis of Defendants' Motion to Dismiss is lack of proper service. [See Docket Nos. 5-1, 6.]

"A court obtains personal jurisdiction over the parties [only] when the complaint and summons are properly served upon the defendant[s]." Lampe v. Xouth, Inc. 952 F.2d 697, 700-01 (3d Cir. 1991). FEDERAL RULE OF CIVIL PROCEDURE 4 contemplates numerous ways in which individuals and corporations or similar entities can be served. Service by mail is not included among them. See FED. R. CIV. P. 4(e), (h); see, e.g., Dimensional Communs. V. Oz Optics, 218 F. Supp. 2d 653, 675 (D.N.J. 2002) ("[T]he Federal Rules of Civil Procedure do not provide for service by mail . . . ."). However, in addition to the specific methods of service outlined in Rule 4, the Rule states that service may be effectuated by following the rules of service of the forum state. FED. R. CIV. P.

4(e), (h). NEW JERSEY COURT RULE 4:4-4(c) allows for service by mail "provided . . . that such service shall be effective for obtaining in personam jurisdiction only if the defendant answers the complaint or otherwise appears in response thereto."

Here, Plaintiff's only attempt at service of process was by mailing Defendants the Complaint. [See Docket No. 10.] The only way that this service would be effective would be under Rule 4:4-4(c), which requires that "the defendant answers the complaint or otherwise appears in response thereto." Challenging the sufficiency of service prior to answering the complaint, as Defendants do here, does not make service by mail effective under New Jersey law. See N.J. CT. R. 4:6-2, 4:37-1(a); Fitzgerald v. Gann Law Books, Inc., Docket No. A-1447-11T4, 2013 N.J. Super. Unpub. LEXIS 254, at *9-10 (N.J. Super. Ct. App. Div. Jan. 25, 2013) ("While [Rule 4:6-2] allows a defendant to file a motion to dismiss as their first pleading, in lieu of an answer, no court of this State has ever held, in a published opinion, that such a motion to dismiss can also substitute for an answer or motion for summary judgment under Rule 4:37-1(a).") Defendants did not answer or otherwise appear in response to the Complaint. [See Docket.]

As a result, Plaintiff did not properly serve Defendants and the Court lacks personal jurisdiction over this matter. See Lampe, 952 F.2d at 700-01. Nor has Plaintiff "show[n] good cause for the failure" to timely serve Defendants, which would warrant an

extension of the time limit for service under Rule 4(m). Therefore, the Court will grant Defendants' Motion to Dismiss [Docket No. 5] for lack of service and it will deny Plaintiff's Motion for Summary Judgment [Docket No. 4] and Motion for Pretrial Conference [Docket No. 8.]. An accompanying Order shall issue.

| | |
|---|---|
| May 11, 2021<br>Date | s/Renée Marie Bumb<br>RENÉE MARIE BUMB<br>United States District Judge |